UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Civil Action No.: 14-CV-5272
ARMANI GOENS,

                         Plaintiff(s),

                                                                                **COMPLAINT**

        -against-

THE CITY OF NEW YORK, NEW YORK CITY   **JURY TRIAL DEMANDED**
POLICE DEPARTMENT, POLICE OFFICER OMAR
CASTILLO, TAX REG# 929854, in his individual and  **ECF CASE**
official capacity, POLICE OFFICERS "JOHN DOES" 1-
10, in their individual and official capacity,

                         Defendant(s).
-------------------------------------------------------------------X

     Plaintiff, **ARMANI GOENS,** by and through his attorneys, RENFROE DRISCOLL & FOSTER, LLP, as and for his Complaint, against the Defendants, respectfully states and alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

     1.  This is a civil action for monetary relief, including past economic loss, compensatory damages, punitive damages, disbursements, costs and fees brought under 42 U.S.C. §§ 1983, 1985 and 1986, and grounded in rights secured by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff was deprived of his constitutional and common law rights when the individual defendants falsely arrested Plaintiff.

## JURISDICTION

     2.  This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction

is conferred upon this Court by 28 U.S.C. §§ 1331, 1334 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to 28 U.S.C.A. § 1367, to hear and decide any and all claims arising under state law and causes of action that derive from the same nucleus of operative facts and are part of the same case of controversy that gives rise to the federally based claims and causes of action.

4. That all conditions precedent to instituting the lawsuit have been complied with in a timely manner including but not limited to the filing of a notice of claim. In response to the notice of claim, the defendants failed to settle the matter.

## VENUE

5. Venue herein is proper under 28 U.S.C. § 1391(a), (b) and (c) because the cause of action arose in the Eastern District of New York, and one or more of the defendants are subject to personal jurisdiction in the Eastern District of New York, and have contacts sufficient to subject them to personal jurisdiction in the Eastern District of New York.

## PARTIES

6. During all times relevant to this Complaint, Plaintiff, ARMANI GOENS, was and still is, a citizen of the United States, residing in the County of Queens, State of New York.

7. The Defendant, CITY OF NEW YORK (hereinafter "CITY"), is a duly constituted municipal corporation of the State of New York and is and was the employer of Defendants, POLICE OFFICER OMAR CASTILLO, TAX REG# 929854 (hereinafter "CASTILLO") and certain of the unnamed police officers and Detectives, and other personnel (JOHN DOES 1-10).

8. The Defendant, NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD"), is an agency of the CITY.

9. Upon information and belief, during all times relevant to this Complaint, Defendant, CASTILLO, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a Police Officer employed by the CITY, under the direction of the NYPD and CITY and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or CITY, and acting in his individual and official capacity.

10. That JOHN DOES 1-10 were at all times herein mentioned police officers and/or detectives, in their individual and official capacities, employed by both CITY and NYPD under direction of Defendants CITY and NYPD, and were acting in furtherance of the scope of their employment, acting under color of law, *to wit*, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or the CITY and/or the NYPD.

11. During all times relevant to this Complaint, the Defendants, and each of them, were acting under color of law, *to wit*, under color of constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York and/or the CITY.

12. During all times relevant to this Complaint, the Defendants, separately and in concert, engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

13. During all times relevant to this Complaint, the Defendants, and each of them, had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of the Plaintiff, but each of the Defendants failed and refused to restrain the other

Defendants; and thereby, became a party to unlawfully subjecting the Plaintiffs to harm and denial of basic rights.

## FACTUAL ALLEGATIONS

14. On or about June 12, 2013, at approximately 1:00 p.m., Plaintiff was operating his motor vehicle near the intersection of South Conduit Avenue and 226 Street in Queens County, New York.

15. At that time, he was unlawfully stopped by two (2) New York City Police Officers (including Defendant, CASTILLO) attached to the 105 Precinct Command.

16. The New York City Police Officers allegedly seized a "gravity knife" from the vehicle being operated by Plaintiff.

17. In fact, the object seized by the officers was not and cannot be shown to be a "gravity knife."

18. Without provocation or cause, Plaintiff was falsely arrested and charged with being in possession of a "gravity knife."

19. Plaintiff was unlawfully restrained of his personal liberty and freedom, denied adequate, proper and timely police protection, and subject to the deprivation of his liberty without probable cause at the hands of the CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, Defendant, CASTILLO, and POLICE OFFICER JOHN DOES 1-10, their agents, employees, servants and assigns.

20. As a result of the defendants, their agents, employees, servants and assigns, failure to act properly, Plaintiff was caused to suffer mental anguish and damage.

21. As a result of the defendants' negligence, failure and wrongful acts, Plaintiff sustained mental anguish, injury to feelings, violation of Constitutional and Civil Rights, expenses incurred, pecuniary injuries and other injuries not yet fully ascertained.

22. The total amount claimed is Two Million Dollars ($2,000,000.00).

23. A notice of claim was timely served on the CITY and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

24. An examination of Plaintiff, pursuant to GML Section 50-h was conducted on May 23, 2014.

## AS AND FOR COUNT ONE

### Violation of Plaintiff's Fourth and Fourteenth Amendment Rights

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 24 of this Complaint with the same force and effect as though set forth herein.

26. The individually named defendants were acting in concert and within the scope of their authority when they arrested and caused Plaintiff to be imprisoned without probable cause in violation of Plaintiff's right to be free from an unreasonable seizure under the Fourth Amend to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

27. The false arrest of Plaintiff by the individually named defendants was an objectively illegal and unreasonable physical seizures of plaintiff in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

28. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, disgrace, humiliation and embarrassment and has been damaged in the sum of Two Million Dollars ($2,000,000.00), including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

29. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the Unites States constitution this Court has jurisdiction to hear the federally based claim.

## AS AND FOR COUNT TWO

### 42 U.S.C. §1983 – Municipal Liability

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 29 of this Complaint with the same force and effect as though set forth herein.

31. Prior to June 12, 2013, and since, Defendants, CITY and NYPD have permitted and tolerated a pattern and practice of unlawful stops and unlawful arrest by police officers against persons within the City of New York.  Despite the egregiously improper conduct, the officers involved were not prosecuted, seriously disciplined or subjected to restraint.  As a result, Defendants, CASTILLO and POLICE OFFICER JOHN DOES 1-10, were caused and encouraged to believe that individuals could be unlawfully stopped and arrested without probable cause, and that such behavior would, in fact, be permitted by CITY.

32. In addition to permitting a pattern and practice of falsely arresting persons, CITY has failed to maintain a proper system for oversight of officers and supervisors and for investigation of all incidents of unlawful stops and illegal arrests by their agents/employees.

33. The CITY has failed to respond to the continuing and urgent need to prevent, restrain and discipline police officers that deprive citizens of their civil rights.

34. A system allegedly maintained by the CITY, has failed to properly review unjustified behavior and activities by police officers, and has failed to identify the violative acts by police officers and to subject officers to discipline, closer supervision or restraint to the extent that it has become the custom of the CITY to tolerate the unlawful arrest and other wrongful actions by police officers.

35. Upon information and belief, specific systemic flaws in the CITY's police misconduct review process include but are not limited to the following:

   a.   Preparing reports regarding investigations of incidents as routine point-by point justification of the police officers' actions regardless of whether such actions are justified;

   b.   Police officers investigating incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident;

   c.   Police officers investigating incidents fail to include in their reports relevant factual information that would tend to contradict the statements of the police officer involved;

   d.   Police officers failing to communicate, properly respond to the scene and failing to provide the proper supervision at the scene of incidents;

   e.   Create and manufactured false testimony and evidence;

   f.   Overlooking false and misleading statements made by Police Personnel.

36. The foregoing acts, omissions, systemic flaws, policies and customs of the CITY caused New York City Police Officers to believe that improper actions would not be aggressively, honestly and properly investigated with the foreseeable result that officers are most likely to act

inappropriately and unreasonably, and commit tortuous and illegal acts against persons. These such failure continued and were part of an ongoing culture.

37. As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies and customs of Defendant, CITY, Plaintiff was arrested without probable cause, in violation of his civil and constitutional rights. Moreover, he has suffered and will continue to suffer from psychological harm, humiliation, fear, and severe physical, emotional and psychological damage, resulting in the need to seek professional counseling for the trauma which he incurred. All of these rights are secured to Plaintiff by the provisions of the Fourth Amendment, the due process clause of the Fifth and Fourteenth Amendments of the Constitution of the United States, as well as 42 U.S.C. § 1983.

38. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, disgrace, humiliation and embarrassment and has been damaged in the sum of Two Million Dollars ($2,000,000.00), including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

**AS AND FOR COUNT THREE**

**42 U.S.C. § 1985 – Conspiracy**

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 38 of this Complaint with the same force and effect as though set forth herein.

40. Defendants, CASTILLO and POLICE OFFICER JOHN DOES 1-10, expressly and impliedly, agreed with each other to arrest Plaintiff without probable cause.  All without consideration of Plaintiff's rights and in violation of Plaintiff's rights.

41. That the false arrest and violation of the laws of the State of New York and Plaintiff's civil rights were brought about and caused by the actions of Defendants and that the same were a clear and intentional abuse of process causing Plaintiff damages. All of these rights are secured to Plaintiff by the provisions of the Constitution of the United States and by 42 U.S.C. § 1985.

42. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, severe emotional and psychological damage, disgrace, humiliation and embarrassment and has been damaged in the sum of Two Million Dollars ($2,000,000.00), including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR COUNT FOUR
### 42 U.S.C. § 1986 – Failure to Intervene

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 42 of this Complaint with the same force and effect as though set forth herein.

44. Defendants, P.O. CASTILLO and POLICE OFFICER JOHN DOES 1-10, knew or should have known that the arrest of Plaintiff without probable cause violated the Plaintiff's rights, guaranteed to him under the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. §§ 1983, 1985 and 1986.

45. Each of the said Defendants had the authority, ability and concurrent duty under 42 U.S.C. § 1986 to prevent the unlawful arrest of Plaintiff yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the Plaintiff when such violations did in fact occur. All without consideration of plaintiff's rights and in violation of Plaintiff's rights.

46. Defendants, P.O. CASTILLO and POLICE OFFICER JOHN DOES 1-10, failure to stop the unlawful arrest of Plaintiff constitutes a breach of their duty to do so under 42 U.S.C. § 1986.

47. Defendants, P.O. CASTILLO and POLICE OFFICER JOHN DOES 1-10, knew or should have known that the arrest of Plaintiff without probable cause was violative of his Fourth, Fifth and Fourteenth Amendment rights to due process, and were tantamount to unequal protection under the law, in violation of the Plaintiff's fundamental rights under the Constitution.

48. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, severe emotional and psychological damage, disgrace, humiliation and embarrassment and has been damaged in the sum of Two Million Dollars ($2,000,000.00), including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR COUNT FIVE

### Unlawful Stops

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 48 of this Complaint with the same force and effect as though set forth herein.

50. The conduct of defendants in stopping Plaintiff was performed under color of law and without any reasonable suspicion of criminality or other constitutionally required grounds.

51. As a direct and proximate result of such acts, Defendants deprived Plaintiff of his Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. §1983.

52. As a result of the aforementioned conduct of Defendants, Plaintiff sustained damage.

53. Defendants collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

54. The individually named defendants were at all times servants and employees acting within the scope of their employment by Defendants, CITY and NYPD, which are therefore responsible for their conduct.

55. Defendants, CITY and NYPD, as the employers of the defendants, are responsible for their wrongdoing under the doctrine of respondeat superior.

56. That by reason of the foregoing, Plaintiff has been exposed to injury to his person, severe emotional and psychological damage, disgrace, humiliation and embarrassment and has been damaged in the sum of Two Million Dollars ($2,000,000.00), including the cost of this action, and punitive damages.

57. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment to the United States Constitution, this court has jurisdiction to hear the federally based claims.

## AS AND FOR COUNT SIX

### Negligent Hiring, Retention, Training and Supervision

58. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 57 with the same force as if more fully set forth at length herein.

59. The CITY and NYPD and their employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the individually named Defendants, P.O. CASTILLO and POLICE OFFICER JOHN DOES 1-10, who were unfit for the performance of their duties on June 12, 2013, at the aforementioned location.

60. That by reason of the foregoing, Plaintiff has been exposed to the deprivation of this constitutional rights, false imprisonment, severe emotional and psychological damage, disgrace,

humiliation and embarrassment and has been damaged in the sum of Two Million Dollars ($2,000,000.00), including the cost of this action, and punitive damages.

61. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## AS AND FOR COUNT SEVEN

### Negligence

62. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 61 with the same force as if more fully set forth at length herein.

63. Defendants owed a duty of care to plaintiff.

64. Defendants breached that duty of care by illegal stopping and unlawfully arresting Plaintiff.

65. As a direct and proximate cause of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

66. All the foregoing occurred without any fault or provocation by plaintiff.

67. The CITY and NYPD, as the employers of the defendants are responsible for their wrongdoing under the doctrine of respondent superior.

68. That by reason of the foregoing, Plaintiff has been exposed to the deprivation of this constitutional rights, false imprisonment, severe emotional and psychological damage, disgrace, humiliation and embarrassment and has been damaged in the sum of Two Million Dollars ($2,000,000.00), including the cost of this action, and punitive damages.

69. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## AS AND FOR COUNT EIGHT

### Negligent Infliction of emotional Distress

70. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 69 with the same force as if more fully set forth at length herein.

71. By the actions described herein, the individually named Defendants, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiff by laws and Constitution of State of New York.

72. As a result of the foregoing, plaintiff sustained great emotional injuries.

73. The CITY and NYPD, as the employers of the Defendants, are responsible for their wrongdoing under the doctrine of respondent superior.

74. That by reason of the foregoing, Plaintiff has been exposed to severe emotional and psychological damage, mental anguish, disgrace, humiliation and embarrassment and has been damaged in the sum of Two Million Dollars ($2,000,000.00), including the cost of this action, and punitive damages.

75. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### JURY DEMAND

76. Plaintiff hereby demands trial by jury of all issues properly triable by jury.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that Plaintiff, ARMANI GOENS, shall recover compensatory damage in the sum of Two Million Dollars ($2,000,000.00) against

the individual defendants, The City of New York and The New York City Police Department, Jointly and severally, together with interest and costs; and punitive damages in the sum of Tow Million Dollars ($2,000,000.00) against the individual defendants, jointly and severally.

    a. That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees, pursuant to 42 U.S.C. § 1988.

    b. That the plaintiff have such other and further relief as the Court shall deem just and proper.

Dated: Forest Hills, New York
        September 9, 2014

                Respectfully submitted,

                **RENFROE DRISCOLL & FOSTER, LLP**

            By: _/s/ Patrick K. Foster_
                **Patrick K. Foster, Esq.**
                *Attorneys for Petitioner*
                118-35 Queens Blvd., Suite 940
                Forest Hills, New York 11375
                Tel. No.: (718) 261-5100
                Fax No.: (718) 304-1168