

**ZACHERY W. CARTER**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Okwede Okoh
Special Assistant Corporation Counsel
phone: (212) 356-3271
fax: (212) 356-3509
email: ookoh@law.nyc.gov

October 21, 2014

BY ECF
Honorable Judge Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Armani Goens v. City of New York, et al., 14 CV 5272 (PKC)(CLP)

Dear Judge Pollak:

I am a Special Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the defense of the above-referenced case on behalf of Defendant City of New York. I am writing to respectfully request that the Court, nun pro tunc, grant a sixty (60) day enlargement of time from October 20, 2014 to December 19, 2014, within which defendant City of New York may answer or otherwise respond to the complaint. I also, request that the Court *sua sponte* extend the time for Officer Castillo to answer the complaint to ensure that his defendants are not jeopardized while representation issues are being resolved. This is defendant's first request for an enlargement of time and plaintiff's counsel, Patrick Foster, consents to this request.

There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. In particular, plaintiff alleges on or about June 12, 2013, he was driving his vehicle near the intersection of South Conduit Avenue in Queens when he was pulled over by two officers. Plaintiff was placed under arrest and the officers seized a gravity knife from his vehicle. According to the Docket Sheet, Officer Castillo was served with summons and complaint and now, pursuant to Section

- 2 -

50-k of the New York General Municipal Law, this Office must determine, based on a review of the facts of the case, whether we may represent defendant Officer Castillo. Officer Castillo must then determine whether he wishes to be represented by this Office. If he does, we must obtain his written consent. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). In addition, an enlargement will allow this Office time to obtain underlying documentation and properly investigate the allegations of the Complaint.

For the foregoing reasons, it is respectfully requested that the Court grant the within request extending defendants time to respond to the complaint until December 19, 2014. Thank you for your consideration in this regard.

Respectfully submitted,

/s/

Okwede Okoh
Special Assistant Corporation Counsel
Special Federal Litigation Division

cc:     **VIA ECF**
        Patrick Foster, Esq.