UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

ARMANI GOENS,

Plaintiff,

-against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER OMAR
CASTILLO, TAX # 929854, in his individual capacity,
and POLICE OFFICERS JOHN DOE 1-10, in their
individual and official capacities,

Defendants.

-------------------------------------------------------------------- x

**ANSWER TO COMPLAINT
ON BEHALF OF
DEFENDANTS CITY AND
OFFICER CASTILLO**

14-CV- 5272(PKC)(CLP)

**JURY TRIAL DEMANDED**

       Defendants City of New York and Officer Omar Castillo, by their attorney, Zachery W. Carter, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

       1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

       2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

       3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the pendent jurisdiction of the Court as stated therein.

       4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that a document purporting to be a Notice of Claim was filed on behalf of plaintiff.

       5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to base venue as stated therein.

6.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.   Deny the allegations set forth in paragraph "7" of the complaint, except admit that Defendant CITY is a municipal corporation and employs named officer Omar Castillo, Tax Reg # 929854.  Defendants further deny any allegations as they pertain to unidentified officers.

8.   Admit the allegations set forth in paragraph "8" of the complaint.

9.   Deny the allegations set forth in paragraph "9" of the complaint, except admit that Officer Castillo was employed by the NYPD.  Defendants further state that "acting in furtherance of the scope of his employment" and "acting under color of statutes, ordinances, regulations, policies, customs and usages" legal conclusions to which no response is required.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint as they pertain to unidentified defendants.

11. State that the allegations set forth in paragraph "11" of the complaint are legal conclusions to which no response is required.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13.  Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff was driving a vehicle down South Conduit Avenue in Queens County, NY.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was stopped by defendant officer Castillo of the 105th precinct.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that a gravity knife was recovered.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that plaintiff was arrested and charged with failure to signal and criminal possession of a weapon.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit that plaintiff purports to seek relief as stated therein.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Admit the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny to the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint, except admit that plaintiff purports to invoke the pendent jurisdiction of the Court as stated therein.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

31. Deny to the allegations set forth in paragraph "31" of the complaint

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaints.

35. Deny the allegations set forth in paragraph "35" of the complaint and all of its subparts.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny to the allegations set forth in paragraph "38" of the complaint.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. In response to the allegations set forth in paragraph "49" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

50. Deny the allegations set forth in paragraph "50" of the complaint and state that "acting under the color of law" is a legal conclusion.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint and state that "acting under the color of law" is a legal conclusion.

54. Deny the allegations set forth in paragraph "54" of the complaint and state that "acting within the scope of their employment" is a legal conclusion.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. In response to the allegations set forth in paragraph "58" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. In response to the allegations set forth in paragraph "62" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

63. State that the allegations set forth in paragraph "63" of the complaint are legal conclusions to which no response is required.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint, except admit that plaintiff purports to invoke the pendent jurisdiction of the Court as stated therein.

70. In response to the allegations set forth in paragraph "70" of the complaint, defendants repeat the responses set forth in the previous paragraphs.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. Deny the allegations set forth in paragraph "75" of the complaint.

76. Paragraph "76" of the complaint sets forth a jury demand that does not require a response.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

77. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

78. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States, the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

79. Plaintiff may have failed to comply, in whole or in part, with New York General Municipal Law § 50-e, h and i.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

80. At all times relevant to the acts alleged in the complaint, Defendant City of New York and its agents and officials acted reasonably in the proper and lawful exercise of their

discretion.  Therefore, Defendant City of New York is entitled to governmental immunity from

liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

81.     Punitive damages may not be assessed against the City of New York.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

82.     Plaintiff provoked any incident.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

83. There was reasonable suspicion for the stop of plaintiff.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

84. There was probable cause for plaintiff's arrest and prosecution.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE:

85. Defendant Castillo has not violated any clearly established constitutional or

statutory right of which a reasonable person would have known and, therefore, is protected by

qualified immunity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

86.     At all times relevant to the acts alleged in the complaint, defendant

Castillo acted reasonably in the proper and lawful exercise of his discretion.

Dated:      New York, New York
            December 19, 2014

                              ZACHERY W. CARTER
                              Corporation Counsel of the City of New York
                              *Attorney for Defendants City and Officer Castillo*
                              100 Church Street, Room 3-158a
                              New York, New York 10007
                              (212) 356-3271
                              By:      _____/s/_____
                                       Okwede N. Okoh
                                       Special Assistant Corporation Counsel

TO:    **<u>BY ECF</u>**
Patrick K. Foster
*Attorney for Plaintiff*